RECEIVED

SEP 1 1 2019

4:55pm

# IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

JOSEPH L. TYSK,                    )
                                   )
      **Plaintiff,**              )
                                   )
      **v.**                      )    Civil Action No. *19-C-226*
                                   )
PROCOLLECT, INC.,                  )
                                   ) **INTERROGATORIES AND REQUEST**
      **Defendant.**              )**FOR PRODUCTION OF DOCUMENTS**
                                   )**WERE SERVED WITH COMPLAINT**

## COMPLAINT

1.    Plaintiff, Joseph L. Tysk, is a consumer residing in West Virginia.

2.    Plaintiff, Joseph L. Tysk is a person who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to remedies set forth in Article 5 of the WVCCPA.

3.    At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

4.    Defendant, ProCollect, Inc, (herein "ProCollect"), is a Texas Corporation, with its principal address at 12170 N. Abrams Road, Suite 100, Dallas, TX, 75243, and conducts business at various locations throughout the United States of America.

5.    Defendant, ProCollect, is a debt collector engaging directly or indirectly in debt collection within the State of West Virginia, including Ohio County, West Virginia.

6.    After Plaintiff, Joseph L. Tysk, became in arrears upon the indebtedness to Defendant, ProCollect, Defendant began to engage in collection of such indebtedness through the use of cellular telephone and or telephone calls placed to Plaintiff, Joseph L. Tysk.

7.     On or about September 11, 2015, Plaintiff, Joseph L. Tysk retained the undersigned counsel to represent his interest in connection with consumer indebtedness on which he had become in arrears.

8.     On or about September 11, 2015, Plaintiff, Joseph L. Tysk's attorney sent correspondence to ProCollect, Inc., advising Defendant of attorney representation and advising Defendant to cease and desist all phone calls to Plaintiff, Joseph L. Tysk.  A copy of said correspondence is attached hereto as **Exhibit A.**

9.     On or about September 21, 2015, ProCollect received a copy of correspondence to ProCollect, advising it of attorney representation and advising ProCollect to cease and desist all phone calls to Plaintiff, Joseph L. Tysk, according to certified mail return receipt, attached as **Exhibit B.**

10.     Thereafter, Defendant caused a cellular telephone and or telephone calls to be placed to Plaintiff, Joseph L. Tysk after he advised Defendant that any permission or consent he had granted to call his cellular telephone was revoked.

11.     On or about December 9, 2015, 2015, Plaintiff, Joseph L. Tysk's attorney sent correspondence to ProCollect, Inc., advising Defendant of attorney representation and advising Defendant to cease and desist all phone calls to Plaintiff, Joseph L. Tysk, with regard to the above referenced debt.  A copy of said correspondence is attached hereto as **Exhibit C.**

12.     On or about December 17, 2015, ProCollect received a copy of correspondence to ProCollect, advising it of attorney representation and advising ProCollect to cease and desist all phone calls to Plaintiff, Joseph L. Tysk, according to certified mail return receipt, attached as **Exhibit D.**

14. Thereafter, Defendant, knew or should have known that any authorization that Defendant had to place calls to Joseph L. Tysk, had been revoked, and Defendant, continued to cause cellular telephone calls to be placed to Joseph L. Tysk, after he advised Defendant that any permission or consent he had granted to call his cellular telephone was revoked.

15. Defendant maintains records of each call placed to Joseph L. Tysk by date, time called, duration of call, the identity of Defendant's employee and notes or codes placed upon such record by Defendant's employee.

16. Such records will reflect that Defendant placed numerous cellular telephone and or telephone calls to Joseph L. Tysk, after it appeared that Plaintiff, Joseph L. Tysk, was represented by an attorney and the attorney's name and cellular telephone and or telephone call numbers were provided.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA*
### *CONSUMER CREDIT AND PROTECTION ACT*

17. Plaintiff incorporates the previous paragraphs as if fully set forth herein.

a. engaging in unreasonable or oppressive or abusive conduct towards Plaintiff, Joseph L. Tysk, in connection with the attempt to collect a debt by placing phone calls to the cellular telephone and residence of Joseph L. Tysk in violation of *West Virginia Code* §46A-2-125;

b. causing the cellular telephone to ring or engaging persons, including Plaintiff, Joseph L. Tysk, in cellular telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress Plaintiff, Joseph L. Tysk, in violation of *West Virginia Code* §46A-2-125(d);

c.      using unfair or unconscionable means to collect a debt from Plaintiff, Joseph L. Tysk, in violation of *West Virginia Code* §46A-2-128(e) by communication with Plaintiff, Joseph L. Tysk, after it appeared that Plaintiff, Joseph L. Tysk, was represented by an attorney and the attorney 's name and address were known or could be easily ascertained;

d.      failing to clearly disclose the name of the business entity making a demand for money upon the indebtedness of Plaintiff, Joseph L. Tysk, in violation of *West Virginia Code* §46A-2-127(c).On or about December 19, 2017, the attorney for Plaintiff submitted by United States Postal Service First Class Certified Mail with a Return Receipt Request, a 45 day Notice letter to Defendant advising ProCollect of this claim relating to debt collection/telecommunications conduct.  A copy of said letter is attached hereto as **"Exhibit E"** and is incorporated herein by this reference.

18.      On or about December 26, 2017, ProCollect, according to the United States Postal Service Certified Mail Transaction Details 9414 7118 9956 0404 3813 56, received the 45 day Notice letter from the law office of Thomas E. McIntire & Associates LC.  A copy of said United States Postal Service First Class Certified Mail Return Receipt Request is attached hereto as **"Exhibit F"** and is incorporated herein by this reference.

19.      As a result of Defendant's actions, Plaintiff, Joseph L. Tysk, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress, anger, anxiety, fear of answering phone, and economic damages.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT

20.      Plaintiff incorporates the previous paragraphs as if fully set forth herein.

21.     Plaintiff is a "person" as defined by West Virginia Code §61-3C-3(n) as Plaintiff is a "natural person".

22     Defendant is a "person" as defined by West Virginia Code §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

23.     Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14a to make contact with Plaintiff after being requested by Plaintiff to desist from contacting him in violation of West Virginia Code §61-3C-14a(a)(2).

24.     Plaintiff was injured as a result of the violations of the West Virginia Computer Crime and Abuse Act as set forth above.

25.     As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

26.     Plaintiff seeks compensatory damages for his injuries as provided by West Virginia Code §61-3C-16(a)(1) and punitive damages pursuant to West Virginia Code §61-3C-16(a)(2).

**COUNT III**

***INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS***

27     Plaintiff incorporates the previous paragraphs as if fully set forth herein.

28.     The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a)     Defendant placed cellular telephone and or telephone calls to the residence of Plaintiff, Joseph L. Tysk, after Defendant knew that Plaintiff, Joseph L. Tysk, was represented by an attorney, in gross violation of the WVCCPA;

b)     Defendant has adopted policies and procedure without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumers to pay money to Defendant;

c)     Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

d)     Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

e)     Insofar as Defendant's conduct of engaging in cellular telephone and or telephone calls conversations with Plaintiff, Joseph L. Tysk, was undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment.

f)     Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

29.    As a result of Defendant's actions, Plaintiff, Joseph L. Tysk, has suffered emotional distress.

30.     As a result of Defendant's actions, Plaintiff, Joseph L. Tysk, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress, anger, anxiety, fear of answering phones, and economic damages.

## COUNT IV

### *COMMON LAW INVASION OF PRIVACY*

31.     Plaintiff incorporates the previous paragraphs as if fully set forth herein.

32.     Plaintiff, Joseph L. Tysk, had, and has an expectation of privacy to be free from harassing and annoying cellular telephone and or telephone calls within the confines of his home.

33.     The acts of Defendant in placing cellular telephone and or telephone calls to the home cellular telephone and or telephone call numbers of Plaintiff, Joseph L. Tysk, in violation of the WVCCPA, and the *Telephone Consumer Protection Act of 1991*, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA"), invaded, damaged and harmed the right of privacy of Plaintiff, Joseph L. Tysk.

34.     As a result of Defendant's actions, Plaintiff, Joseph L. Tysk, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress, anger, anxiety, fear of answering telephone, and economic damages.

35      All of the acts of Defendant alleged herein continue and are continuous acts.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

36.     Plaintiff incorporates the previous paragraphs as if fully set forth herein.

37.     None of the calls at issue were placed by Defendant, ProCollect, to Joseph L. Tysk's aforementioned cellular telephone number with the "prior express consent" of Joseph L. Tysk, as specified by the TCPA, 47 U.S.C. § 227(b)(l)(A).

38.     Alternatively, Plaintiff, Joseph L. Tysk, revoked any "prior express consent" Defendant, ProCollect, had or mistakenly believed it had requesting in writing, that Defendant, ProCollect, cease and desist communicating with Plaintiff, Joseph L. Tysk;

39.     Furthermore, none of the calls at issue were placed by Defendant, ProCollect, to Plaintiff's aforementioned cellular telephone number(s) for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(l )(A).

40.     Defendant, ProCollect, willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff, Joseph L. Tysk's cellular telephone numbers using an ATDS and/or artificial or prerecorded voice without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

41.     The TCPA provides Plaintiff with a private right of action against Defendant, ProCollect, for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

## DEMAND FOR RELIEF

Plaintiff demands from Defendant:

a)      Actual damages for the past and future violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1);

b)      Actual damages for the past and future violations of the TCPA;

c)      Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106;

d)      Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

e)      That the Court conclude, as a matter of law, that Defendant's violations of the WVCCPA were "willful violations" pursuant to *West Virginia Code* §46A-5-105 and that the Court order that any alleged debt be canceled;

f)      Plaintiff be awarded damages for Defendant's violation of *West Virginia Code* § 61-3C-16 as alleged in Count II of the Complaint;

g)      Plaintiff be granted general damages and punitive damages for Defendant's past and future conduct alleged in Count II, III and IV;

h)      And such other relief as the Court shall deem proper under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,

Thomas E. McIntire
Attorney for Plaintiff

THIS DOCUMENT PREPARED BY:

Thomas E. McIntire, Esquire
W.Va. Bar # 2471
Thomas E. McIntire & Associates, LC
82 1/2 Fourteenth Street
Wheeling WV  26003
(304)232-8600
F:  (800) 890-7276
E:  Tom@mcintirelaw.com

# EXHIBIT "A"

# THOMAS E. McINTIRE & ASSOCIATES, L.C.
**82 1/2 Fourteenth Street**
**Wheeling, West Virginia 26003**
**Phone: (304) 232-8600    Fax: (304) 232-5719**

September 11, 2015

ProCollect, Inc.
c/o CT Corporation System
5400D Big Tyler Road
Charleston, WV 25313

> Re:  Joseph L. Tysk
> SSN:  XXX-XX-9817

To whom it may concern:

I have been retained by Joseph L. Tysk with regard to all of his debts, including but not limited to account number 1113630.  Our client permanently revokes any permission or consent he has granted to your company to call his telephone.

Our client's address has not changed.  This correspondence does not request or authorize you to send statements, bills, or correspondence intended for our client to our office.  Any such communication will be returned.

Sincerely,

THOMAS E. McINTIRE & ASSOCIATES, L.C.

Thomas E. McIntire

TEMcI/rac

# EXHIBIT "B"

12586
THOMAS MCINTIRE & ASSOCIATES, LC
82 1/2 14TH ST
WHEELING, WV 26003

PS Form 3800 6/02

## CERTIFIED MAIL

9407 1118 9956 3885 6585 02

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ Addressee or ☐ Agent)

X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

| City | State | ZIP + 4 Code |
|------|-------|--------------|

**RETURN RECEIPT REQUESTED**

Article Addressed To:

ProCollect, Inc.
c/o CT Corporation System
5400D Big Tyler Road
Charleston WV 25313-1103

# EXHIBIT "C"

# THOMAS E. McINTIRE & ASSOCIATES, L.C.
### 82 1/2 Fourteenth Street
### Wheeling, West Virginia 26003
### Phone:  (304) 232-8600    Fax:  (304) 232-5719

December 9, 2015

ProCollect Inc.
c/o CT Corporation System
5400D Big Tyler Road
Charleston, WV 25313

      Re:  Joseph L. Tysk
      Address:  2505 Warwood Avenue, Wheeling, WV 26003
      SSN:  XXX-XX-9817

To whom it may concern:

I have been retained by Joseph L. Tysk with regard to all of his debts, including but not limited to account number 41974-001-2043739.  Our client permanently revokes any permission or consent he has granted to your company to call his telephone.

Our client's address has not changed.  This correspondence does not request or authorize you to send our office statements, bills, or correspondence intended for our client.  Any such communication will be returned.

      Sincerely,

      THOMAS E. McINTIRE & ASSOCIATES, L.C.

      Thomas E. McIntire

TEMcI/rac

# EXHIBIT "D"

11574
Thomas E. McIntire & Associates LC
82 1/2 Fourteenth Street
Wheeling, WV 26003

PS Form 3800 6/02

## CERTIFIED MAIL

9407 1118 9956 3994 9630 61

### RETURN RECEIPT REQUESTED

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ Addressee or ☐ Agent)

X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender )

Secondary Address / Suite / Apt. / Floor    (Please Print Clearly)

Delivery Address

| City | State | ZIP + 4 Code |
|------|-------|--------------|

**Article Addressed To:**

ProCollect Inc.
c/o CT Corporation System
5400D Big Tyler Road
Charleston WV 25313-1103

EXHIBIT "E"

# THOMAS E. McINTIRE & ASSOCIATES, L.C.
### 82 1/2 Fourteenth Street
### Wheeling, WV 26003
Phone: (304) 232-8600     Fax: (304) 232-5719

December 19, 2017

CERTIFIED MAIL NO.:  9414 7118 9956 0404 3813 56
RETURN RECEIPT REQUESTED

ProCollect Inc.
C/O CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

Re:   Joseph L. Tysk
        Account/Reference Number: 1113630, 41974-001-2043739

Dear Sir/Madam:

The undersigned represents the above captioned individual with respect to his claims against ProCollect Inc. and possibly other entities related to the debt collection/telecommunications conduct of ProCollect Inc.  By letters dated September 11, 2015 and December 9, 2015, Joseph L. Tysk notified ProCollect Inc. that it was to cease outbound telecommunications to collect debt from Joseph L. Tysk.  ProCollect Inc. failed to comply with the request and continued to place calls to Joseph L. Tysk when it knew Joseph L. Tysk was represented by counsel.  A copy of the notification is enclosed herewith and incorporated herein. Pursuant to §46A-5-108 of the West Virginia Code, Joseph L. Tysk request that ProCollect Inc. cure this matter.

With this letter, we hereby notify you that the law requires ProCollect Inc. to take all reasonable steps necessary to preserve all documents, tangible things, and electronically stored information ("ESI") that are: (1) potentially relevant to the subject matter of this action, which is the outbound telecommunications engaged in by ProCollect Inc. as well as their agents; (2) reasonably calculated to lead to the discovery of admissible evidence; or (3) reasonably likely to be requested during discovery. This demand to preserve evidence extends to any aliases and associated entities of ProCollect Inc. as well as third parties with whom ProCollect Inc. has contracted who may have information relating to the calls at issue in this lawsuit and the identities of the persons who received the calls, including any agents that it works with that uses outbound telecommunications to collect debt, or works in turn with third parties that do the same.

The laws and rules prohibiting destruction of evidence apply equally to ESI. Due to its format, electronic information is easily deleted, modified, or corrupted. Accordingly, ProCollect Inc. must take every reasonable step to preserve this information until the final resolution of this matter. ProCollect Inc. is obligated to discontinue all data destruction and backup tape recycling policies, as well as other polices that may lead to the destruction of ESI.

Failure to take immediate, adequate steps necessary to ensure the preservation of all potentially relevant documents, including electronic data, could result in sanctions being imposed by the Court as well as liability for evidence spoliation. Such action may require professional assistance if you do not have sufficient "in-house" expertise.

To meet its duties, ProCollect Inc. and its principals, attorneys, agents, and contractors must immediately preserve any and all documents or electronically stored information relating in any way to the claims and allegations in this matter, including but not limited to information or data concerning:

1. All calls made using automatic dialing and announcing devices on behalf of ProCollect Inc., as well as all other outbound telephone calls ("Outbound Debt Collection Calls");

2. All documents relating to or referring to Outbound Debt Collection Calls;

3. The identity and contact information (including any databases in which such information is contained) for any and all recipients of Outbound Debt Collection Calls;

4. All contracts with third parties regarding any and all services to be rendered with regard to Outbound Debt Collection Calls, including, but not limited to, obtaining leads, obtaining phone numbers, "scrubbing" phone numbers, and placing the calls;

5. ProCollect Inc.'s policies, procedures and practices regarding Outbound Debt Collection Calls;

6. Any and all complaints received regarding Outbound Debt Collection Calls;

7. Communications by and between ProCollect Inc. and any regulatory agencies, governmental bodies, state attorney generals, or third party advocates (e.g., the Better Business Bureau) regarding Outbound Debt Collection Calls; and

8. ProCollect Inc.'s document and electronic information retention and destruction policies.

The above list is not comprehensive and does not in any way limit ProCollect Inc.'s obligations to preserve information, including ESI. ESI should be preserved in a manner that does not alter the metadata or otherwise make the existing data more difficult to access. ProCollect Inc.'s obligation to preserve this information extends to any and all agents, or contractors who have possession of documents or electronically stored information potentially responsive in this litigation. We request that ProCollect Inc. send a copy of this letter to all third parties whom it engages to do "third party debt collection" for ProCollect Inc.'s and/or to place Outbound Debt Collection Calls on its behalf, informing them of their preservation obligations, and that ProCollect Inc. confirms in writing to us once it has done so.

The terms "documents" and "electronically stored information" ("ESI") include but are not limited to email or other electronic communications, voicemail, word processing documents, spreadsheets, databases, calendars, memoranda, notes, Internet usage files, network access information, hard drives, backup tapes, and all other material or data, including without limitation data stored electronically or by other technical means for use with computers or otherwise and from which information can be obtained or translated through detection devices into usable form. Documents and ESI, including all non-identical copies regardless of origin or location, should be retained in their original state and condition.

You should anticipate that information subject to disclosure or responsive to discovery in this matter may be stored on your current and/or former computer systems. Pursuant to the Rules of Civil Procedure, you are required to identify all sources of ESI, including but not limited to personal computers, laptops, tablets and handheld devices that it declines to produce and to demonstrate to the Court why such sources are not reasonably accessible. For good cause shown, the Court may order production of the ESI, even if the Court finds that the ESI is not reasonably accessible. Consequently, even ESI that you deem reasonably inaccessible must be preserved in the interim to prevent Joseph L. Tysk from being deprived of his right to secure the evidence or the Court of its right to adjudicate this issue.

ProCollect Inc. must preserve all potentially relevant documents in existence at this time as well as any potentially relevant documents created between now and the termination of this litigation. To ensure the retention and preservation of these documents, ProCollect Inc. should suspend its routine document retention/destruction policies, put in place a "litigation hold," and instruct all employees, including management, of the need to retain and preserve potentially relevant documents. If ProCollect Inc. system utilizes an "auto delete" process whereby emails are automatically deleted, for example, after a certain passage of time or when certain space limitations are met, ProCollect Inc. must disable that process or risk spoliation of evidence. Please confirm that ProCollect Inc. has implemented a litigation hold, identify which employees are subject to the litigation hold, and confirm that any "auto-delete" processes such as the one described above have been disabled.

ProCollect Inc. must not discard, destroy, conceal, or alter any paper or electronic files or other data generated and/or stored on your/ its computers and

storage media such as CDs, answering machines, cell phones, and PDAs (personal digital assistants), or any other electronic data in any way related to Joseph L. Tysk's claims, or related in any way to ProCollect Inc.'s defenses in this case. ProCollect Inc.'s duty to preserve records may extend to systems and media belonging to others, but which contain data belonging to you, such as web servers and remote backup systems.

ProCollect Inc. should immediately issue written instructions to its employees and anyone else acting on its behalf or within its control (this specifically includes any and all third party agents involved with Outbound Debt Collection Calls) to:

1. Refrain from initiating any procedures that would alter any active, archived, deleted, or fragmented files. Such procedures may include, but are not limited to, storing (saving) newly created files to existing drives and diskettes, loading new software such as application programs, running data compression and disk defragmentation (optimization) routines, or the use of utility applications that permanently wipe files, disks, or drives;

2. Stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data. Among other things, backup tapes and disks, if any, should be pulled from their rotation queues and replaced with new tapes;

3. Refrain from altering and/or erasing active files, deleted files, archived files, or file fragments of any electronic media that may have any relation to this matter;

4. Refrain from disposing of any electronic media storage devices replaced due to failure and/or upgrade that may contain electronic data having any relation to this matter; and

5. Obtain a forensic image of the hard drive of any computer(s) used by you and anyone acting within your control that may contain information that may be relevant to the claim or defense of any party or could lead to the discovery of relevant admissible evidence in this litigation.

Please note that this list is not exhaustive and there may be additional measures that must be immediately implemented to protect discoverable electronic evidence depending on your recordkeeping and computer systems and network configuration. To assure that your obligation to preserve documents will be met, please forward a copy of this letter to all persons or entities with custodial responsibility for the items referenced in this letter.

We trust that you are fully aware of your obligations and have taken the necessary steps to preserve information.

Regards,

THOMAS E. McINTIRE & ASSOCIATES, L.C.

Thomas E. McIntire

TEM/ksr
Enclosure 1
Cc Joseph L. Tysk

# EXHIBIT "F"

Case 5:19-cv-00294-JPB   Document 1-2   Filed 10/17/19   Page 26 of 48   PageID # 35

THOMAS MCINTIRE
82 1/2 14TH ST
WHEELING, WV 26003

**CERTIFIED MAIL**

PS Form 3800, 6/02

9414 7118 9956 0404 3813 56

RETURN RECEIPT REQUESTED

**COMPLETE THIS SECTION ON DELIVERY:**

A. Signature: ( □ Addressee or ☑ Agent)

X

B. Received By: (Please Print Clearly)

C. Date of Delivery

DEC 28 2011

D. Addressee's Address (if different from Address Used by Sender)

Secondary Address ( Suite / Rm / Floor ---- Please Print Clearly)

Delivery Address

City                    State        ZIP + 4 Code

Article Addressed To:

ProCollect Inc.
c/o CT Corporation System
5400d Big Tyler Road
Charleston WV 25313-1103

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

**RECEIVED**

SEP 1 1 2019

In the Circuit Court of Ohio County, West Virginia — 4:55 pm

---

## I. CASE STYLE

Joseph L. Tysk

      Plaintiff(s),

      **VS.**

ProCollect, Inc.
c/o CT Corporation System

      Defendant(s).

Case No. *19-C-226*

Judge *Cuomo*

| | Days to Answer | Type of Service |
|---|---|---|
| ProCollect, Inc.<br>c/o CT Corporation System<br>5400 D. Big Tyler Road<br>Charleston WV 25313 | 30 | Secretary of State<br>and Certified Mail |

Original and 3 copies of Complaint are furnished herewith

| Plaintiff: Joseph L. Tysk | Civil Action No. _____ |
|---|---|
| Defendant: ProCollect, Inc. | |

## II. TYPE OF CASE:

X  General Civil          __Adoption
__Mass Litigation         __Administrative Agency Appeal
    __Asbestos         __Civil Appeal from Magistrate Court
    __Carpal Tunnel Syndrome    __Miscellaneous Civil Petition
    __Diet Drugs         __Mental Hygiene
    __Environmental       __Guardianship
    __Industrial Hearing Loss    __Medical Malpractice
    __Silicone Implants
    __Other
__Habeas Corpus/Other Extraordinary Writ
__Other

## III.  JURY DEMANDED:  Yes __X____        No _____

CASE WILL BE READY FOR TRIAL BY (Month/Year): _____

## IV. DO YOU OR ANY OF YOUR OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMODATIONS DUE TO A DISABILITY OR AGE? If Yes, PLEASE SPECIFY

__X__ No

_____ Yes

    _____ Interpreter or other auxiliary aid for the hearing impaired
    _____ Reader or other auxiliary aid for the visually impaired
    _____ Spokesperson or other auxiliary aid for the speech impaired
    _____ Other: _____

## ATTORNEY:               REPRESENTING:

**Name:** Thomas E. McIntire      __X__ Plaintiff
**Firm:**  Thomas E. McIntire & Associates, L.C.    _____ Defendant
**Address:**  82 ½ Fourteenth Street    _____ Cross-Complainant
           Wheeling, WV  26003    _____ Cross-Defendant
**Cellular phone:**  (304) 232-8600

Signature _____     Dated: 9-11-2019

# SUMMONS
## CIRCUIT COURT OF **OHIO** COUNTY, WEST VIRGINIA

**JOSEPH L. TYSK**
        **PLAINTIFF,**
    **VS.**

**PROCOLLECT, INC.**
        **DEFENDANT.**

CIVIL ACTION NO. **19-C-226**
JUDGE: **JASON A. CUOMO**

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon THOMAS E. MCINTIRE, plaintiff's attorney, whose address is

82 1/2 14TH STREET, WHEELING, WV, 26003 an answer including any related

counterclaim you may have to the complaint filed against you in the above civil action, a true

copy of which is herewith delivered to you. You are required to serve your answer within

30 days after service of this summons upon you, exclusive of the day of service. If you fail

to do so, judgment by default will be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any claim you

may have which must be asserted by counterclaim in the above style civil action.

 

Dated: September 12, 2019

                      BRENDA L MILLER
                      CLERK OF COURT

BY: *Becky Denny*

                      DEPUTY CLERK

*Please Serve:*
*PROCOLLECT, INC.*
*5400 D. BIG TYLER ROAD*
*CHARLESTON, WV 25313*



d:\corel\boiler\civsum.wpd

OFFICE OF THE CIRCUIT CLERK

OHIO
1500 CHAPLINE ST.
WHEELING

RECEIPT #: 96740

DATE RECEIVED: 09/11/2019

RECEIVED FROM: THOMAS E. MCINTIRE

TOTAL: $225.00

STYLE OF CASE
       JOSEPH L. TYSK
         VS.
       PROCOLLECT, INC.

CASE #: 19-C-226

IN PAYMENT OF FILING/SOS
BY Check  2748

BRENDA L MILLER
CLERK OF THE CIRCUIT COURT

BY _____

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)    $ _____
☐ Return Receipt (electronic)    $ _____
☐ Certified Mail Restricted Delivery    $ _____
☐ Adult Signature Required    $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To ProCollect, Inc.
Street and Apt. No., or PO Box No. 54000 Big Tyler Road
City, State, ZIP+4® Charleston WV 25313

Postmark Here
Sent 9/12/19

7019 0160 0000 1588 7380

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

Case 5:19-cv-00294-JPB  Document 1-2  Filed 10/17/19  Page 31 of 46  PageID #: 40

OFFICE OF THE CIRCUIT CLERK

RECEIPT #: 96741

OHIO
1500 CHAPLINE ST.
WHEELING

DATE RECEIVED: 09/11/2019

RECEIVED FROM: THOMAS E. MCINTIRE

TOTAL: $20.00

STYLE OF CASE
      JOSEPH L. TYSK
           VS.
      PROCOLLECT, INC.

IN PAYMENT OF CERTIFIED MAIL
BY Check  2752

CASE #: 19-C-226

BRENDA L MILLER
CLERK OF THE CIRCUIT COURT

BY _____*BH*_____

Case 5:19-cv-00294-JPB Document 1-2 Filed 10/17/19 Page 32 of 48 PageID #: 41



**THOMAS E. McINTIRE & ASSOCIATES, L.C.**
A LEGAL CORPORATION
—— *Per ardua* ——

82½ Fourteenth Street
Wheeling, WV 26003
Phone: (304) 232-8600
Fax: (800) 890-7276

September 11, 2019

SEP 11 '19 PM 4:55
OHIO CO CIRCUIT COU

Brenda Miller, Circuit Clerk
Ohio County Courthouse
1500 Chapline Street
Wheeling, WV 26003

      Re:    Joseph L. Tysk v. ProCollect, Inc., et. al.
             Civil Action No. _____

Dear Ms. Miller:

Enclosed for filing please find the following:

    1.      Complaint with Exhibits,
    2.      Plaintiff's First Set of Interrogatories and Requests for Production of Documents
and Things,
    3.      Civil Case Information Statement
all relative to the above captioned matter.

Thank you for your kind attention to this matter.

                Very truly yours,

                THOMAS E. McINTIRE & ASSOCIATES, L.C.

                Thomas E. McIntire

TEM/wsb
Enclosures

Case 5:19-cv-00284-JPB   Document 1-2   Filed 10/17/19   Page 33 of 48 PageID #: 42

# IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

| | |
|---|---|
| JOSEPH L. TYSK, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    Civil Action No. *19-C-226* |
| | ) |
| PROCOLLECT, INC., | ) |
| | ) **INTERROGATORIES AND REQUEST** |
| **Defendant.** | )**FOR PRODUCTION OF DOCUMENTS** |
| | )**WERE SERVED WITH COMPLAINT** |

DECEIVED

SEP 1 1 2019

*4:55pm*

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

      **COME NOW** the above-named Plaintiff herein, by and through counsel of record, and herewith serve upon Defendant in this case the following written interrogatories and request for production of documents pursuant to the provisions of  Rules 33 and 34 of the West Virginia Rules of Civil Procedure as provided for and set forth in the foregoing rules.  Answers to these Interrogatories and Request for Production of Documents must be furnished within forty-five (45) days of the service of the Summons and Complaint or within thirty (30) days of the service of these Interrogatories, whichever is later.

### DEFINITIONS AND INSTRUCTIONS

    A.      If there is insufficient space after each interrogatory for you to provide a full and complete answer, then you should state your full and complete answer on a separate page, identify the page, and attach the page to your response as a properly identified and marked exhibit thereto.

B.   Document means all writings of any kind, including the originals and all other non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to correspondence, memoranda, notes, diaries, desk or other calendars, statistics, letters, telegrams, minutes, business records, personal records, accountants' statements, account statements, contracts, reports, credit reports, studies, checks, statements, receipts, invoices, bills, return charts, summaries, pamphlets, books, interoffice and intraoffice communications, notations of any sort of conversations or meetings, telephone call meetings or other communications, written agreements, bulletins, printed matter, computer printouts, teletypes, telefaxes, invoices, worksheets, all drafts, alterations, modifications, changes and amendments of any kind of the foregoing, graphic or oral records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, electronic mail records, computer memory records such as hard disk drives and master back-up tapes, diskettes, or other devices such as zip drive records).

C.   The term "act" as used herein includes acts of every kind and description.

D.   The term "identify" or "describe" when used in reference to a "document" means to state:

   a.   The type of document (e.g., letter, memorandum, report, electronic mail records, notes, etc.);

   b.   The date of the document;

   c.   The name of the parties or parties who originated the document, their past or present position with Defendant, their general duties and responsibilities, their

current physical location with the company, and their e-mail, telephone number and telephone extension;

d. The name and address of the current custodian of the document;

e. The name and current address of each signatory thereon;

f. The reason, in detail, for the preparation of the document;

g. The subjects or subjects covered by the document;

h. The names, business addresses and titles of the persons to whom the document writing was directed; and

i. The name and address and title of each person who originated, read or received the document.

E.   The term "identify" as used herein in connection with a "person" or "persons" means to state the names, titles, the present employer of such "person" or "persons," the relationship of such person to any of Defendant, and such person's current business address and business telephone number.

F.   The term "identify" as used herein with respect to or in connection with an "act" means:

a. Furnish the date and place of the act;

b. Identify the person acting, the person for who the act was performed, and the person against whom the act was directed; and

    c.   Describe in detail the act.

G.     The terms "describe" or "state" as used herein means:

    a.   Describe or statefully by reference to underlying facts rather than by ultimate facts or conclusions of law;

    b.   Particularize as to

        i.   Time;

        ii.   Date;

        iii.  Manner; and

        iv.  Place.

H.     The term "oral communication" means and includes any face-to-face conversation, meeting, conference, telephone conversation, telephone conversation, cell-phone conversation, computer conversation with voice mail, or any one for more of these or related devices.

I.     The term "person" or "persons" means and includes all natural persons, public and private corporations, associates, wholly owned affiliates or subsidiary corporations or any other form of a business association, and any other type of entity and the agents, employees, officers, deputies and representatives thereof.

J.     The terms "you" or "your" shall refer to any one or all of the named Defendants and any related or affiliated companies associated in any way therewith.

K.     All requests shall be deemed to include any documents made by, held by or maintained in files of any predecessor, successor, employee, agent or assignee of either one or all of Defendant.

L.    The term "the transactions" or "the transactions" or "account" or "accounts" when used without qualification herein means the transactions and accounts between or among Debtor and the named Defendant any and all related activities and agents or assigns of either party.

M.    If the space provided at each interrogatory is not sufficient for your answer, then use additional sheets, numbered consecutively after each such interrogatory, and inserted in the proper order of all copies filed and served.  For example, in the case of Interrogatory number 1, any additional sheets for your answers would be numbered as 1-A, 1-B, 1-C, etc.

N.    Each of the following requests for production and interrogatories is intended to be a continuing request to produce and interrogatory.  As a result, Plaintiff hereby demands that, in the event at any later date you obtain any additional facts, or form any conclusions, opinions or contentions different from those set forth in your responses herein, then you shall amend your answers to such responses promptly and sufficiently in advance of any trial date, to fully set forth such differences and to produce and documents in connection therewith.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.     Please identify by name, court case number, and location, any and all cases where

Defendant named herein has been sued for violations of the West Virginia Consumer Credit and

Protection Act or West Virginia Computer Crime and Abuse Act or Federal Telephone

Consumer Protection Act or where Defendant has settled a West Virginia Consumer Credit and

Protection Act or West Virginia Computer Crime and Abuse Act or Federal Telephone

Consumer Protection Act case by way of the payment of any United States currency to

plaintiff(s) or the attorney for the plaintiff(s).  This question relates to any such actions taken

within five (5) years of the date of the filing of the Complaint in this contested case.

**ANSWER:**

2.     As to each West Virginia Consumer Credit and Protection Act or West Virginia

Computer Crime and Abuse Act or Federal Telephone Consumer Protection Act case identified

in Interrogatory No. 1, please state whether or not the matter was resolved by a settlement or a

court order and state the specific terms and conditions of every settlement and of every court

order or settlement agreement that was subsequently approved by any court order.  Please

identify any and all parties or attorneys of Defendant who approved, drafted or recommended the

said settlements and the names of all parties who endorsed the settlement checks.

**ANSWER:**

3.     List all steps you took to make sure Defendant was in compliance with of the West Virginia Consumer Credit and Protection Act or West Virginia Computer Crime and Abuse Act or Federal Telephone Consumer Protection Act regarding its telephone calls to Mr. Tysk.

**ANSWER:**

4.     State the name, title or position, address and telephone number of each and every witness that you plan to call to testify at the hearing in this case and state the substance of the testimony expected from each such witness.

**ANSWER:**

5.     Identify with particularity each and every exhibit that you will seek to introduce into evidence at the hearing in this matter.

**ANSWER:**

6.     State the name, address and title of each and every party providing any information with respect to the answers to these interrogatories.

**ANSWER:**

## _PLAINTIFF'S FIRST_ SET OF _REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS_

1.    Produce a clear photocopy of the original contract that Defendant contends obligates Plaintiff, Joseph L. Tysk, to pay money on the account(s) Defendant sought to collect upon.

**RESPONSE:**

2.    Please produce all records of any telephone calls placed by or on behalf of Defendant to Plaintiff, Joseph L. Tysk, during the five years preceding the filing of this lawsuit as well as any such calls placed after this lawsuit was filed with respect to **any account** of Plaintiff, Joseph L. Tysk.  (Note: The word "placed," as used in this interrogatory, means caused a telephone to ring, regardless of whether the call was answered.  The use of the term "on behalf of Defendant" is intended to include calls made by third parties on behalf of Defendant to Plaintiff, Joseph L. Tysk.)

**RESPONSE:**

3.    Please produce all records of any telephone calls placed by or on behalf of Defendant to **any telephone number** where such call related in any respect to Plaintiff, Joseph L. Tysk's account(s) during the five (5) years preceding the filing of this Complaint and any such calls placed after this lawsuit was filed.

**RESPONSE:**

4.   Please produce all records of incoming telephone calls associated with Plaintiff, Joseph L. Tysk's account(s) during the last five years as well as any such calls placed after this lawsuit was filed.

**RESPONSE:**

5.   Please produce all written communications and copies of any e-mail communications or any other electronic communications relating to Plaintiff, Joseph L. Tysk's account(s) in the five years preceding the filing of the Complaint as well as any such communications that occurred after this lawsuit was filed.

**RESPONSE:**

6.   Please produce any recordings of conversations with any person associated with Plaintiff, Joseph L. Tysk's account(s) or the collection of Plaintiff, Joseph L. Tysk's account(s) in the five years preceding the filing of the Complaint as well as such recording of conversations after this lawsuit was filed.

**RESPONSE:**

7.    Please produce the contract or agreement between Defendant and any third party collection agency and/or independent contractor which communicated or attempted to communicate by telephone, writing, email and any other means of electronic communication with Plaintiff, Joseph L. Tysk, in relation to Plaintiff, Joseph L. Tysk's obligation to Defendant in the five years preceding the filing of the Complaint and subsequent thereto.

**RESPONSE**:

8.    If Defendant assert the defense set forth in *West Virginia Code* §46A-5-101(8), that any violation of *West Virginia Consumer Credit and Protection Act* was unintentional or the result of a *bona fide* error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, please produce the following:

    a.    Any document outlining the maintenance of procedures intended to avoid any such violation or error;

    b.    Any document relating to the implementation of such procedures;

    c.    Any document relating to the training of persons employed by Defendant to make collection calls to consumers in West Virginia pursuant to such procedure; and

    d.    Any document relating to ensuring compliance by Defendant's employees with such procedure.

**RESPONSE**:

9.    If Defendant assert any affirmative defense other than that in the preceding paragraph, please provide all evidence that you have relied on, including but not limited to case law or statutory provisions, to formulate said affirmative defense please produce the following:

     a.    Any case law substantiating the affirmative defense;

     b.    Any statutory law substantiating the affirmative defense;

     c.    Any evidence to substantiate the affirmative defense.

**RESPONSE:**

10.    Please produce all documents related to Plaintiff, Joseph L. Tysk's account(s) with Defendant, not already provided in response to Request Nos. 1, 2 and 4.

**RESPONSE:**

Date this the **11**th day of **September 2019**.

By: /s/ Thomas E. McIntire
Thomas E. McIntire (WV Bar # 2471)
**Thomas E. McIntire & Associates, L.C.**
82 1/2 14th Street
Wheeling, WV 26003
(304) 232-8600
800-890-7276 (fax)
Tom@mcintirelaw.com

Case 5:19-cv-00294-JPB Document 1-2 Filed 10/17/19 Page 45 of 48 PageID #: 54

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

SEP 23 '19 AM10:49
OHIO CO CIRCUIT COURT

OHIO COUNTY CIRCUIT COURT
1500 CHAPLINE STREET.
4TH FLOOR
Wheeling, WV 26003-3592

**Control Number:** 245470

**Defendant:** PROCOLLECT, INC.
12170 ABRAMS ROAD, SUITE 100
DALLAS, TX 75243 US

**County:** Ohio

**Civil Action:** 19-C-226

**Certified Number:** 92148901125134100002586536

**Service Date:** 9/17/2019

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of YOUR REVOKED CORPORATION.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of YOUR REVOKED CORPORATION as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

RETURN COPY

# SUMMONS
## CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

JOSEPH L. TYSK
        PLAINTIFF,

   VS.

                       CIVIL ACTION NO.  19-C-226
                       JUDGE:  JASON A. CUOMO

PROCOLLECT, INC.
        DEFENDANT.

**To the above named Defendant:**

     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon THOMAS E. MCINTIRE, plaintiff's attorney, whose address is

82 1/2  14TH STREET, WHEELING, WV,  26003 an answer including any related

counterclaim you may have to the complaint filed against you in the above civil action, a true

copy of which is herewith delivered to you.  You are required to serve your answer within

30  days after service of this summons upon you, exclusive of the day of service.  If you fail

to do so, judgment by default will be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any claim you

may have which must be asserted by counterclaim in the above style civil action.

                                BRENDA L MILLER
                                CLERK OF COURT

Dated: September 12, 2019

            BY:     *Becky Denny*

                           DEPUTY CLERK

*Please Serve:*
*PROCOLLECT, INC.*
*5400 D. BIG TYLER ROAD*
*CHARLESTON, WV 25313*

RECEIVED
SEP 16 2019

d:\corel\boiler\civsum.wpd



# SUMMONS
## CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

JOSEPH L. TYSK,
    PLAINTIFF.
    VS.

CIVIL ACTION NO. **19-C-226**
JUDGE: **JASON A. CUOMO**

PROCOLLECT, INC.
C/O CT CORPORATION SYSTEM,
    DEFENDANT.

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon **THOMAS E. MCINTIRE**, plaintiff's attorney, whose address

is **82 1/2 14TH STREET, WHEELING, WV, 26003** an answer including any related

counterclaim you may have to the complaint filed against you in the above civil action, a true

copy of which is herewith delivered to you. You are required to serve your answer within

**20** days after service of this summons upon you, exclusive of the day of service. If you fail

to do so, judgment by default will be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting in another action any claim you

may have which must be asserted by counterclaim in the above style civil action.

> **BRENDA L. MILLER**
> **CLERK OF COURT**

Dated: October 01, 2019

BY: _Vicki Dough_

**DEPUTY CLERK**

*Please Serve:*
*PROCOLLECT, INC.*
*C/O CT CORPORATION SYSTEM*
*5400 D. BIG TYLER ROAD*
*CHARLESTON, WV 25313*



5-7

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**For delivery information, visit our website at *www.usps.com*®.**

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)            $ _____
☐ Return Receipt (electronic)          $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required             $ _____
☐ Adult Signature Restricted Delivery  $ _____

Postmark
Here

19-C-226

Postage

$

Total Postage and Fees

$

Sent To: HiCollect Inc.

Street and Apt. No., or PO Box No. CT Corporation System 5400D  Big Tyler Road

City, State, ZIP+4® Charleston, WV 25313

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7015 3430 0000 6630 7999